UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN NEIL SHROPSHIRE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN D'AGOSTINI, et al.,<br><br>Defendants. | No. 2:21-cv-0466 DB P<br><br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he received inadequate dental care while incarcerated in El Dorado County. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), motion for medical records (ECF No. 6), and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma paupers, deny the motion for medical records without prejudice, and give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff has alleged the events giving rise to the claim occurred while plaintiff was in the custody of El Dorado County Sheriff's Department. (ECF No. 1 at 1.) He has identified the following defendants: (1) John D'Agostini; (2) correctional officer Danialson; (3) correctional

officer Ragan; (4) correctional officer Garibay; (5) the El Dorado County Jail; (6) dentist and dental care provider Nathan Hansen; (7) dentist and dental care dental provider Jeffery Rose; (8) nurse Alex Kuzmenko; (9) nurse Daryl Lauffer; (10) Wellpath Medical Care; (11) El Dorado County Sheriff's Office. (Id. at 1-2.)

Plaintiff alleges that prior to realignment, an inmate would serve a maximum of one-year in jail. (Id. at 6.) He states that the county jails "worked out a disingenuous way to cut costs" by limiting the dental care offered to emergency care and extractions. Now that inmates are serving longer sentences in county jails, El Dorado County Jail and Classification officers are restricting inmates' access to dental care to cut costs. He alleges they are transferring inmates with dental needs to a jail facility that does not have a dental care provider. (Id.)

He was taken into custody on June 6, 2019 and booked into El Dorado County Jail's Placerville facility.[1] (Id. at 7-8.) After two of his fillings fell out, he requested to be seen by medical. (Id. at 8.) He was seen by nurse Kuzmenko on September 3, 2019 and by dental care provider Hansen on September 7, 2019. (Id.) Hansen's notes regarding the visit indicate that there was no sign of infection, that plaintiff's teeth were restorable, and that plaintiff was advised pursuant to policy he would receive a new temporary filling, and after he had been in custody for a year he would be eligible for an annual dental exam.

Plaintiff alleges that he had angered several officers and sergeants by exhausting the grievance procedure and filing a civil action. The "day after [his] Forma Pauperis papers were signed by the jail" in his other case, he was transferred to the South Lake Tahoe facility. He alleges that classification officer Danialson transferred plaintiff in retaliation for plaintiff's completing the grievance process and filing a lawsuit. (Id. at 9.)

Plaintiff requested to see a dentist. He was seen by Nurse Lauffer on May 25, 2020. Lauffer's notes regarding the visit reflect that plaintiff was told that he would be placed on a list for transfer, but movement was limited due to the COVID-19 pandemic. (Id.)

---

[1] Plaintiff states that he "came to be in custody at El Dorado County Jail" following his conviction for violation of California Health and Safety Code § 11379.6. (Id. at 7.) He maintains that he was wrongfully convicted and is currently pursuing appellate and habeas review of his conviction and sentence.

Plaintiff was temporarily transported to the Placerville facility to receive his annual dental exam on September 26, 2020. (Id. at 10.) He states the exam took place four months after his one-year mark. Dentist Jeffery Rose's report stated plaintiff did not want to lose any of his teeth and that one of his teeth was "no longer restorable." Rose also noted that plaintiff needed an annual exam and an X-ray to follow up.

Plaintiff was transferred back to the South Lake facility that same day. (Id.) On the drive he spoke with officer Ragan about the importance of getting his annual exam done to save his teeth. Officer Ragan assured plaintiff that he would make sure it got done.

Plaintiff submitted classification and medical requests emphasizing the importance of being able to get his annual dental appointment. (Id. at 11.) Classification officer Garibay responded by stating plaintiff's concerns were "noted." Plaintiff was still waiting for an appointment as of January 1, 2021.

He alleges the lack of access to dental treatment caused him unnecessary pain and suffering. (Id. at 12.) Additionally, his teeth were reparable when he entered custody, but because his treatment was delayed, his teeth are now no longer reparable. (Id. at 13.)

Plaintiff alleges that the jail's failure to screen inmates' medical/dental needs amounted to cruel and unusual punishment. (Id.) Plaintiff further claims "Wellpath is contracted to provide health and dental care" and the jail allowed Wellpath to provide less than adequate care. (Id. at 17.)

### III.  Does Plaintiff State a § 1983 Claim?

#### A. Eighth Amendment

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

5

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104–05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Plaintiff has alleged that defendants delayed treatment for his dental issues. Such allegations could potentially state a cognizable deliberate indifference claim. Specifically, plaintiff has indicated that dental care provider Nathan Hansen knew he required treatment and yet failed to ensure that he received treatment in a timely manner. As a result of the delay some of plaintiff's teeth are no longer restorable. Thus, plaintiff has alleged treatment was delayed and he was harmed as a result of the delay. Plaintiff has alleged a potentially cognizable claim against Hansen.

The complaint does not state an Eighth Amendment claim against any of the other defendants because he has failed to state specific facts indicating what action the remaining defendants took that led to the harm alleged in the complaint. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (Under § 1983, plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.).  In any amended complaint, plaintiff must indicate how each defendant's actions deprived him of the right to adequate dental care.

### B. First Amendment

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Plaintiff has alleged that classification officer Danialson transferred him in retaliation just before he became eligible for a dental exam because he completed the grievance process and filed a lawsuit. (ECF No. 1 at 8-9.)  Such allegations could state a claim against Danialson for violation of his rights under the First Amendment.

### C. Eleventh Amendment

The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).  This immunity applies regardless of whether a state or state agency is sued for damages or injunctive relief, Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam), and regardless of whether the plaintiff's claim arises under federal or state law, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984).

Plaintiff has identified the El Dorado County Jail, the El Dorado County Sheriff's Office, and Wellpath Medical Care as defendants in this action. However, these entities are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); see also Pugh, 438 U.S. at 782 (a state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment). Accordingly, the complaint fails to state a claim against these defendants.

## IV. Amending the Complaint

As stated above, plaintiff has alleged a potentially cognizable claims against defendants Hansen and Danialson. However, the complaint does not contain any additional cognizable claims. Accordingly, plaintiff will be given the option to proceed with the complaint as screened or to file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

////

of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## MOTION FOR MEDICAL RECORDS

Plaintiff has filed a motion seeking his medical records. (ECF No. 6.) He states that he needs a copy of his medical records in order "to successfully litigate his claim." (Id. at 1.) At this stage of the proceedings, there is no need for plaintiff to present medical records or other evidence. Additionally, should this case proceed past the initial screening stage plaintiff will be entitled to request his medical records during discovery. Therefore, the court will deny the motion without prejudice to its renewal at a later stage of the proceedings.

# CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of El Dorado County filed concurrently herewith.

3. Plaintiff's motion for medical records (ECF No. 6) is denied without prejudice.

4. Plaintiff has stated a potentially cognizable deliberate indifference claim against defendant Hansen and a potentially cognizable retaliation claim against defendant Danialson. The complaint does not contain any additional claims.

5. Plaintiff has the option to proceed immediately on his deliberate indifference claim against defendant Hansen and his retaliation claim against defendant Danialson as set forth in Section III above, or to amend the complaint.

6. Within twenty (20) days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint.

7. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 11, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/shro0466.scrn

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN NEIL SHROPSHIRE,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN D'AGOSTINI, et al.,<br><br>    Defendants. | No.  2:21-cv-0466 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his deliberate indifference claim against defendant Hansen and his retaliation claim against defendant Danialson.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____

Ryan Neil Shropshire<br>Plaintiff pro se

11