1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RYAN NEIL SHROPSHIRE,                    No.  2:21-cv-0466 WBS DB P

12                 Plaintiff,

13        v.                                  ORDER AND
                                              FINDINGS AND RECOMMENDATIONS
14   JOHN D'AGOSTINI, et al.,

15                 Defendants.

16

17        Plaintiff is a former[1] county jail inmate proceeding pro se with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Plaintiff claims he received inadequate dental care while

19   incarcerated in El Dorado County.  For the reasons set forth below, the undersigned will

20   recommend that this action be dismissed.

21   ////

22   ////

23   ////

24   ───────────────────────────
     [1] Plaintiff filed a notice of change of address dated October 26, 2021, notifying the court of his
25   new address and indicating that his release from custody was imminent.  (ECF No. 15.)
     Additionally, review of the El Dorado County inmate locator website indicates that plaintiff is no
26   longer in custody.  The court may take judicial notice of information stored on the Shasta County
     Sheriff's inmate locator website.  See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D.
27   Cal. 2014) (a court may take judicial notice of information on "publicly accessible websites" not
     subject to reasonable dispute); Louis v. McCormick Schmick Restaurant Corp., 460 F. Supp. 2d
28   1153, 1155 fn. 4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

                                         1

1    **I.      Motion to Compel**

2          On June 6, 2022, defendant Danialson filed a motion to compel and for sanctions.  (ECF

3    No. 24.)  Therein, Danialson alleged that plaintiff had not responded to discovery requests and

4    failed to appear at a properly noticed deposition on May 26, 2022.  (ECF No. 24-1 at 2-5.)

5    Danialson requested that the court issue terminating sanctions or alternatively that plaintiff be

6    compelled to respond to the discovery requests.  (Id. at 6-13.)  Plaintiff has not responded to the

7    motion.

8          Because, as set forth below, the undersigned will recommend that this action be

9    dismissed, it will deny the motion to compel as moot.  In the event the findings and

10   recommendations are not adopted, defendant may file a renewed motion to compel.

11   **II.     Plaintiff's Failure to Oppose Defendant's Motion to Compel**

12         By order dated August 24, 2022, plaintiff was ordered[2] to file an opposition or statement

13   of non-opposition to defendant Danialson's motion to compel within thirty days.  (ECF No. 26.)

14   Those thirty days have passed, and plaintiff has not filed an opposition, statement of non-

15   opposition, requested additional time to file an opposition or statement of non-opposition, or

16   otherwise responded to the court's order.  In light of plaintiff's failure to respond, the undersigned

17   will recommend that this action be dismissed.

18                 **A.  Legal Standards**

19         "District courts have the inherent power to control their dockets and in the exercise of that

20   power they may impose sanctions including, where appropriate, dismissal of a case."  Bautista v.

21   L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260

22   (9th Cir. 1992)).  Involuntary dismissal is one of the harshest sanctions at a trial court's disposal,

23   since it denies the plaintiff his day in court; and as a result, it is reserved for use only in the most

24   extreme circumstances. Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d

25   829, 831 (9th Cir. 1986).  In determining whether to dismiss a claim for failure to prosecute or

26

27   _____
     [2] The August 24, 2022, order was sent to plaintiff's address of record and was not returned as
28   undeliverable.  Pursuant to Local Rule 182(f), service of documents at the record address of the
     party is fully effective.

                                          2

1   failure to comply with a court order, the court must weigh the following factors: (1) the public's

2   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

3   risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public

4   policy favoring disposition of cases on their merits.  Ferdik, 963 F.2d at 1260-61.

5   **B.  Analysis**

6   **1.  Public's Interest in Expeditious Resolution of Litigation**

7   "The public's interest in expeditious resolution of litigation always favors dismissal."

8   Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

9   This action has been pending since January 1, 2021.[3]  (ECF No. 1 at 19.)  Defendant

10  Danialson's motion to compel was filed on June 6, 2022.  (ECF No. 24.)  Plaintiff filed a notice

11  of change of address dated October 26, 2021.  (ECF No. 15.)  Since that time, he has not

12  responded to defendant's discovery requests or orders from the court.  His failure has prevented

13  this action from moving forward.  Accordingly, this factor favors dismissal.

14  **2.  Court's Need to Manage its Docket**

15  "District courts have the inherent power to control their dockets. In the exercise of that

16  power they may impose sanctions including, where appropriate, default or dismissal."  Thompson

17  v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S.

18  626, 630 (1961)).

19  As set forth above, plaintiff has not participated in discovery or responded to court orders

20  since October 2021.  Thus, it appears he has lost interest in litigating this action.  Further, time

21  spent by the court on this action would consume scarce judicial resources in addressing litigation

22  which plaintiff demonstrates no intention to pursue.  Accordingly, this factor weighs in favor of

23  dismissal.

24  ////

25  ////

26  _____

27  [3] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs
the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276

28  (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir.
2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

### 3. Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987)). The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).

Plaintiff's failure to participate in discovery has prejudice defendants because it impairs defendants' ability to determine relevant defenses to plaintiff's claims and has delayed resolution. See Kirkelie v. Thissell, No. 1:15-cv-00735 DAD SAB (PC), 2018 WL 1272227 at *2 (Plaintiff's failure to respond to discovery requests "significantly impairs the Defendants' ability to go to trial and determine whether Plaintiff has adequately exhausted administrative remedies and to make rightful and informed decisions as to whether this affirmative defense should be explored. Plaintiff['s] failure to respond to discovery has created an unreasonable delay, which in turn[] creates a presumption of prejudice."); see also Granderson v. California Corrections Rehabilitations, No. 2:19-cv-2211 JAM AC, 2022 WL 2333964 at *3 (E.D. Cal. June 28, 2022) (finding plaintiff's failure to respond to discovery requests and refusal to attend a properly noticed deposition was prejudicial to defendants). Accordingly, this factor weighs in favor of dismissal.

### 4. Availability of Less Drastic Alternatives

Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

Plaintiff was previously advised that failure to respond to the court's order would result in a recommendation that this action be dismissed. (ECF No. 26.) In light of the court's warning, this factor weighs in favor of dismissal.

### 5. Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). The undersigned

4

1  finds that four of the five <u>Ferdik</u> factors supports dismissal, and thus, outweigh the general public

2  policy favoring disposition on the merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1263.

3  **III.    Conclusion**

4          For the reasons set forth above, IT IS HEREBY ORDERED that defendant Danialson's

5  motion to compel (ECF No. 24) is denied as moot.

6          IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule

7  of Civil Procedure 41(b).

8          These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

13  objections shall be filed and served within fourteen days after service of the objections.  The

14  parties are advised that the failure to file objections within the specified time may waive the right

15  to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16  Dated:  October 5, 2022

18                                          DEBORAH BARNES
19                                          UNITED STATES MAGISTRATE JUDGE

23  DB:12
    DB/DB Prisoner Inbox/Civil Rights/S/shro0466.no oppo fr

5